IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| URIEL MARCUS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 1:14-CV-82 |
| § | |
| APPLE INC., § | |
| § | |
| Defendant. § | |

## ORDER

BE IT REMEMBERED, that on August 21st, 2014, the Court **GRANTED** Defendant Apple Inc.'s ("Apple") Motion to Transfer Venue to the U.S. District Court for the Northern District of California. Dkt. No. 8.

Plaintiffs brought this lawsuit in the U.S. District Court for the Southern District of Texas, Brownsville Division, alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), and California and Texas's consumer protection statutes. Dkt. No. 1. Specifically, Plaintiffs allege that the Logic Board on Apple's MacBook, MacBook Pro, and MacBook Air (collectively "MacBooks") are made with defective "Logic Boards." Dkt. No. 1. Further, Plaintiffs allege that Apple had knowledge of this design defect and failed to warn Plaintiffs or other members of the Class. Dkt. No. 1. Apple now seeks to transfer this case from the Southern District of Texas to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Dkt. No. 8. Plaintiffs do not oppose this motion. Dkt. No. 12.

As a preliminary matter, a district court may transfer a civil action "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, parties agree in their request to transfer venue. Dkt. Nos. 8, 12.

Moreover, this Court finds that Plaintiffs could have originally brought this action in the Northern District of California. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). As a defendant, an entity "reside[s]" in "any judicial district in which [it] is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2). Apple maintains its principal place of business and corporate headquarters in Cupertino, California, Dkt. Nos. 8, 12, and thus resides in the Northern District of California for the purpose of personal jurisdiction. As Apple is the sole defendant in this case, Dkt. No. 8, Plaintiffs could have originally filed this action in the Northern District of California.

Next, Apple has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). To show good cause, Apple must show that the Northern District of California is "clearly more convenient" than Plaintiffs' original venue choice. *Id.* at 315. This Court considers private and public interest factors in determining good cause. *Id.* The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

The Court finds that this case should be transferred. The private-interest factors weigh in favor of transfer: the Court finds that most if not all of the sources of proof, including documents and witnesses, are likely located with Apple in Cupertino, California. Dkt. No. 8 at 9–10. As witnesses are more likely to be already

present in Northern California, the expenses associated with those witnesses will be significantly decreased following a transfer of venue. Dkt. No. 8 at 11–12. The relevant public-interest factors also weigh in favor of the transfer. The Northern District of California has a strong connection to and interest in resolving this case, as Apple is based and operates there; while members of the potential class might come from across the country, not just from the Southern District of Texas. Dkt. No. 8 at 14–16.

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Transfer Venue to the U.S. District Court for the Northern District of California. Dkt. No. 8. Therefore, this case is hereby **ORDERED** to be transferred to the Northern District of California.

SIGNED this 21st day of August, 2014.

_____
Hilda Tagle
Senior United States District Judge